**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| AYALA KAUFFMAN, on behalf of herself and the class members described below, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | 1:11CV203 |
| COMMONWEALTH FINANCIAL SYSTEMS, INC., doing business as NCC, | ) ) ) ) ) | |
| Defendant. | ) | |

**PLAINTIFF'S MOTION TO QUASH, OR MODIFY, SUBPOENA
ISSUED TO SAINT FRANCIS HOSPITAL OF EVANSTON, ILLINOIS**

Plaintiff respectfully requests that the subpoena issued to Saint Francis Hospital of Evanston, Illinois (and its registered agent, Mary Wehlnig) is quashed, or modified, so that the only documents to be produced by Saint Francis Hospital are –

"forms completed by Ayala Kauffman which show phone numbers that she uses, with all information redacted from those forms except for (a) her name, (b) her address, (c) her phone number, (d) her signature, and (e) any disclosures made on the form regarding the use of her contact information."

In support of this motion, plaintiff states as follows:

1.   On June 1, 2011, defendant issued to Saint Francis Hospital a subpoena for documents, which is attached as <u>Exhibit A</u>.

2.   On the morning of June 10, 2011, counsel for the parties had a conference (with Thomas Soule (for plaintiff) and Nicole Strickler (for defendant) participating in the conference), in line with the requirements of Fed.R.Civ.P. 37, to discuss whether the subpoena was appropriate.

3.   Specifically, plaintiff claimed that the subpoena's request for documents was overbroad, and objected to the production of medical records – particularly as such records were produced (pursuant to a subpoena) by Infinity Healthcare Physicians SC earlier in this case.

4. In response, defendant contended that examination of the records, and in particular any forms that plaintiff filled out, was necessary to determine whether plaintiff provided her cellular phone number to Saint Francis Hospital.

5. Whether plaintiff's phone number appears on such forms in the possession of Saint Francis Hospital is relevant to the claim that defendant violated the Telephone Consumer Protection Act, 47 U.S.C. §227.

6. Plaintiff proposed that the subpoena be modified, so that Saint Francis Hospital would be required only to produce documents showing (a) her name, (b) her address, (c) her phone number, (d) her signature, and (e) any disclosures made to her, regarding the use of her contact information, on any forms that she filled out. Defendant contended that these modifications are too restrictive, and that the protective order entered in this case was sufficient to protect plaintiff's privacy.

7. After a good-faith attempt to resolve the parties' dispute without Court intervention, the parties are unable to reach an accord. (<u>Exhibit B</u>.)

8. This motion is being served, by mail, on Mary Wehlnig, the registered agent of Saint Francis Hospital (at her office at 335 Ridge Avenue, Evanston, Illinois), in order to advise her, and the respondent, of the request made herein.

WHEREFORE, plaintiff respectfully requests that the subpoena issued to Saint Francis Hospital of Evanston, Illinois (and its registered agent, Mary Wehlnig) is quashed. In the alternative, plaintiff requests that the subpoena be modified so that Saint Francis Hospital would be required only to produce "forms completed by Ayala Kauffman which show phone numbers that she uses, with all information redacted from those forms except for (a) her name, (b) her address, (c) her phone number, (d) her signature, and (e) any disclosures made on the form regarding the use of her contact information."

          Respectfully submitted,

          s/ Thomas E. Soule
          Thomas E. Soule

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Thomas E. Soule
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)